NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Crim. No. 93-00536 (RBK) |
| CHRIS OSCAR DEJESUS, | **OPINION** |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Reduction of Sentence under the First Step Act (ECF No. 92), Supplemental Motion for Reduction of Sentence (ECF No. 99), and Second Supplemental Motion for Reduction of Sentence (ECF No. 103). For the reasons set forth below, Defendant's Motions are **DENIED**.

## I.  BACKGROUND

### A. Factual Background

Defendant Chris Oscar DeJesus ("Defendant" or "Mr. DeJesus") is an inmate in federal custody at United States Penitentiary Tucson ("USP Tucson"). (ECF No. 101, "Govt. Opp'n" at 4). Following a jury trial, Mr. DeJesus was found guilty of murder for hire in violation of 18 U.S.C. § 1958 in 1994. (ECF No. 99, "Def. Supp. Mot.", Ex. 2). In September 1994, he was sentenced to life in prison. (*Id.*)

On November 30, 2020, Mr. DeJesus filed a motion *pro se* for reduction of sentence under the First Step Act and for appointment of counsel. (ECF No. 92, "Def. Mot."). On

February 10, 2021, Defendant's counsel submitted a formal request for compassionate release to the Bureau of Prisons. (Def. Supp. Mot., Ex. 5). This request was denied on February 16, 2021. (*Id.* at Ex. 6). On November 10, 2021, Defendant's counsel filed a supplemental motion with the Court seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on Defendant's type two diabetes, obesity, osteoarthrosis, gout, and hypertension. *See* (Def. Supp. Mot. at 6). The United States responded in opposition to Defendant's motions on December 3, 2021. (Govt. Opp'n). Mr. DeJesus filed a second supplemental motion on December 7, 2021.[1] (ECF No. 103, "Def. Second Supp. Mot."). Defendant's counsel filed a reply to the Government's opposition memorandum on February 7, 2022. (ECF No. 109, "Def. Reply").

## II. LEGAL STANDARD

### A. Motion for Reduction of Sentence Under the First Step Act

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] Defendant's second supplemental motion, dated November 22, 2021, was filed *pro se*. (ECF No. 103). Mr. Sharma, Defendant's counsel, entered an appearance in this matter in April 2021, (ECF No. 97), and is still representing Defendant with respect to his motion for compassionate release. "[A] district court is not obligated to consider *pro se* motions by represented litigants." *United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009); *USA v. Lopez*, No. 199CR000162WALGWC, 2022 WL 621542, at *1 (D.V.I. Mar. 3, 2022) Though the Court is not obligated to consider Defendant's second supplemental motion, we note that nothing in that motion alters the outcome here.

2

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons, for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

As such, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. *United States v. Babbitt*, 496 F. Supp. 3d 903, 907 (E.D. Pa. 2020). To exhaust administrative remedies, a defendant must first present his request for compassionate release to the warden. *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request or after receipt of an adverse decision, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.*; *Babbitt*, 496 F. Supp. 3d at 907. At the second step, a defendant must show that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Rivera*, No. CR 06-849 (NLH), 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022) (*quoting United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020)).

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish"

the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. *Id.* cmt. n.1(D). The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment.

The Third Circuit recently held that courts are not bound by Section 1B1.13's definition of "extraordinary and compelling reasons" when considering prisoner-initiated motions. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022). Nonetheless, Section 1B1.13 "still sheds light on the meaning of extraordinary and compelling reasons" and can provide a useful guide for courts considering compassionate release motions. *Id.* at 260 ("[T]he District Court did not err when it consulted the text, dictionary definitions, and the policy statement to form a working definition of 'extraordinary and compelling reasons.'").

## III. DISCUSSION

The United States agrees that the first step, exhaustion of administrative remedies, has been satisfied here. (Govt. Opp'n at 4). Defendant sought compassionate release from the warden of USP Tucson, which was denied. (*Id.*) Thus, the Court must consider whether Defendant has carried his burden at the second step of the analysis. We find that Mr. DeJesus has not shown that extraordinary and compelling reasons warrant a reduction in his sentence.

### A. Extraordinary and Compelling Reasons

Defendant asserts that the COVID-19 pandemic, in combination with his health conditions of hypertension, gout, osteoarthrosis, type-2 diabetes, and obesity, constitute extraordinary and compelling circumstances warranting compassionate release. (Def. Mot. at 5–15); (Def. Supp. Mot. at 5–7). Mr. DeJesus contends that release is also warranted because of his youth at the time of his offense, his deep remorse for his crime, and the trauma he has experienced due to his incarceration during a global pandemic.[2] (Def. Supp. Mot. at 6–7).

The mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). Most defendants who successfully move for compassionate release related to COVID-19 through Section 3582(c)(1)(A) demonstrate that: (1) they are particularly vulnerable to developing severe illness from COVID-19 due to age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *United States v. Somerville*, 463 F. Supp. 3d 585, 597–98 (W.D. Pa. 2020).

Defendant has not demonstrated that he faces an actual, non-speculative risk of exposure to COVID-19 at USP Tucson. There are no active cases of COVID-19 at USP Tucson among inmates and only five active cases among staff currently. *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 5, 2022). Moreover, 501 staff members and 1772 inmates at Federal Correction Complex Tucson[3] have been fully vaccinated against COVID-19 to date, and inmates have been offered booster shots. *Id.* Mr. DeJesus himself is fully vaccinated against COVID-19, having received doses of the Moderna vaccine on April 20, 2021

---

[2] In his original motion, Mr. DeJesus also contends that he should be granted a two-level sentence reduction pursuant to the Safety Valve provision of 18 U.S.C. § 3553(f). (Def. Mot. at 16–18). This provision applies only to those convicted of certain drug offenses and is not applicable here. *See* 18 U.S.C. § 3553(f).
[3] USP Tucson is the largest institution within FCC Tucson. (Govt. Opp'n at 7).

5

and May 19, 2021. (Govt. Opp'n at 5) (citing Ex. B). The vaccination of inmates and staff greatly reduces the risk of COVID-19 exposure and infection within the facility. *See United States of America v. Martinez*, No. CR 16-503 (KM), 2022 WL 1320618, at *4 (D.N.J. May 2, 2022) ("The likelihood of a COVID-19 infection has also been greatly reduced by vaccination of [the defendant] and others at the prison."). While we appreciate Defendant's argument that the pandemic presents an ongoing risk to Mr. DeJesus due to the "inherent conditions of incarceration," (Def. Reply at 2–3), this is true for every incarcerated person and does not constitute an "extraordinary and compelling" reason for release here.

Nor has Mr. DeJesus established that the risks he faces from COVID-19, in light of his individual medical conditions and circumstances, are so extraordinary and compelling as to justify compassionate release. Mr. DeJesus asserts that his medical conditions place him at a uniquely high risk of suffering grave illness if he contracts COVID-19. (Def. Mot. at 8–9); (Def. Supp. Mot at 6–7); (Def. Reply at 1–2). Though hypertension, diabetes, and obesity may raise the risk of severe illness due to COVID-19, *People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 5, 2022), courts have consistently found that the fact that an inmate may be at heightened risk from COVID-19 due to hypertension, diabetes, and/or obesity[4] is insufficient, without more, to constitute an "extraordinary and compelling" reason warranting compassionate release,[5] *see United States of*

---

[4] Defendant does not explain how gout or osteoarthrosis increase his susceptibility to severe illness from COVID-19, and the Court has no basis to conclude that these conditions do in fact raise Mr. DeJesus's risk of illness from the virus.

[5] In his reply brief, Mr. DeJesus asserts that his conditions are worsening, noting that he "has become insulin-dependent to treat his diabetes." (Def. Reply 1–2). Though unfortunate, this development does not change the outcome here. *See United States v. Mata*, No. 1:16-CR-00010-DN, 2021 WL 2551589, at *2 (D. Utah June 22, 2021) (denying a motion for compassionate release where the inmate was "57 years old and suffer[ed] from diabetes (insulin-dependent), neuropathy, hyperlipidemia, hypertension, and major depressive disorder"). Defendant does not suggest that he is unable to obtain adequate treatment for his diabetes while incarcerated.

6

*America v. Jihad Garrett*, No. CR 18-125 (WJM), 2022 WL 1617679, at *2 (D.N.J. May 23, 2022) ("As to weight and hypertension, courts have generally found that those do not constitute extraordinary and compelling circumstances requiring compassionate release, even when the individual suffers from additional medical conditions.") (collecting cases); *United States v. Womble*, No. CR 13-507 (NLH), 2022 WL 1500957, at *1 (D.N.J. May 11, 2022) (concluding that an inmate's obesity, hypertension, and type-two diabetes were not "extraordinary and compelling reasons" for compassionate release); *United States v. Johnson*, No. CR 18-578-01 (KM), 2022 WL 901468, at *4 (D.N.J. Mar. 28, 2022) (collecting cases). Defendant's argument is further undercut by the fact that he has already contracted, and recovered, from COVID-19 and did not suffer "symptoms typical of COVID-19" during his illness. (Govt. Opp'n at 5).

Moreover, as Mr. DeJesus is fully vaccinated against COVID-19, (*id.*) (citing Ex. B), he is substantially protected from COVID-19 infection and, in the case of another breakthrough infection, from severe symptoms, *see United States v. Williams*, No. CR 11-00421-SDW-1, 2022 WL 950994, at *2 (D.N.J. Mar. 29, 2022) ("If a defendant is vaccinated, many courts have found that there is an insignificant likelihood that the defendant 'will contract COVID-19 and become seriously ill.'") (collecting cases). The Third Circuit has recently recognized that "[g]iven vaccine availability, a prisoner likely will not be able to prove that his personal risk of serious illness from COVID-19 is an extraordinary and compelling reason for release unless he can convincingly show that he is 'unable to receive or benefit from a vaccine' or that he 'remain[s] vulnerable to severe infection, notwithstanding the vaccine.'" *United States v. Estevez-Ulloa*, No. 21-2432, 2022 WL 1165771, at *2 (3d Cir. Apr. 20, 2022) (citing *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022)). Mr. DeJesus has not made any such showing here.

Therefore, while the Court does not wish to minimize Defendant's concern for his well-being or seriousness of the COVID-19 pandemic for those in custody, we find that Mr. DeJesus has failed to demonstrate that his circumstances warrant compassionate release. He has not shown that he is at a uniquely high risk for severe illness from COVID-19, nor has he demonstrated that there is currently an actual, non-speculative risk of exposure at USP Tucson given the high vaccination rate and low incidence of COVID-19 in the facility. Additionally, Mr. DeJesus's remorse, conditions of incarceration, or youth at the time of the offense do not constitute extraordinary and compelling reasons for reducing his sentence.

### B. Section 3553(a) Factors

An analysis of the Section 3553(a) factors further supports the denial of Defendant's request for release. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Defendant asserts that the § 3553(a) factors support a grant of compassionate release. He contends that release would not endanger the safety of the community given he had no prior arrests before he committed the offense for which he is currently imprisoned, has shown deep remorse for his crime, and is well-regarded by fellow inmates. (Def. Supp. Mot. at 7–8).

8

Defendant also asserts that courts have "shown mercy to people convicted of murder…who has worse criminal records and served less time than Mr. DeJesus." (*Id.* at 8).

The Government argues that the factors weigh against release. They assert Mr. DeJesus "continues to present a danger to the community," and describe the circumstances of Mr. DeJesus's crime as "particularly heinous." (Govt. Opp'n at 20). The Government contends that "releasing the defendant at this point in his sentence would send the wrong message to the public about the seriousness of committing murder for hire." (*Id.*)

The Court agrees with the United States that the Section 3553 factors counsel against release. The nature and circumstances of Defendant's crime—murder for hire—weigh against early release. As the Government notes, Mr. DeJesus's "participation in Cohen's murder was cold, calculated, and pursued over the course of several weeks." (*Id.*) Given the heinous nature of this crime, the Court is mindful of the need for the sentence imposed to protect the public from future violence and afford adequate deterrence. Moreover, the Court believes that the present sentence is needed to provide just punishment and specific deterrence for Defendant. The impact of Mr. DeJesus's crime is still being felt by the victim's family today. (Govt. Opp'n, Ex. C). Accordingly, the Court finds that the Section 3553(a) factors weigh against release.

## IV. CONCLUSION

For the reasons expressed above, Defendant's Motion for Reduction of Sentence under the First Step Act (ECF No. 92), Supplemental Motion for Reduction of Sentence (ECF No. 99), and Second Supplemental Motion for Reduction of Sentence (ECF No. 103) are **DENIED.** An order follows.

Dated: 07/07/2022

ROBERT B. KUGLER
United States District Judge